M07-0881

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | AND AFFIDAVIT IN SUPPORT OF |
| RAJENDRA SINGH,<br>    also known as<br>    "Ishmael Sheikh Imran,"<br>ZEVETA SOOKRAM, and<br>RICARDO SASENARAIN,<br>    also known as<br>    "Terry Samaroo," | ARREST WARRANTS<br><br>(18 U.S.C. § 1546) |
| Defendants. | |

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

ABEL A. NASSER-BERNAL, being duly sworn, deposes and states that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

Upon information and belief, on or about July 22, 2005, within the Eastern District of New York and elsewhere, the defendants RAJENDRA SINGH, also known as "Ishmael Sheikh Imran," ZEVETA SOOKRAM, and RICARDO SASENARAIN, also known as "Terry Samaroo," knowingly used or attempted to use false, counterfeited, mutilated, or altered United States passports and claimed to be United States Citizens, knowing the said documents to be counterfeit, or falsely made, with the sole purpose of gaining entry into the United States.

The source of your deponent's information and the

grounds for his belief are as follows:[1]/

    1. I have been a Special Agent with ICE since 1997, and am currently assigned to the ICE Office in Puerto Rico. For the past nine years I have been assigned to the Human Smuggling and Trafficking Unit to investigate violations of United States immigration and customs laws. As part of my responsibilities, I have been involved in the investigation of numerous alien smuggling investigations and have reviewed hundreds of documents relating to travel and patterns of aliens who enter the United States without authorization of the Secretary of the Department of Homeland Security. The information contained herein is based upon my personal investigation, review of ICE records and conversations with other law enforcement officers.

    2. On July 22, 2005, the defendants RAJENDRA SINGH, also known as "Ishamel Sheikh Imran" ("SINGH"), ZEVETA SOOKRAM ("SOOKRAM"), RICARDO SASENARAIN, also known as "Terry Samaroo" ("SASENARAIN"), accompanied by ANIL SEEPERSAUD ("SEEPRSAUD"), departed from Saint Thomas, United States Virgin Islands (USVI) aboard the Seaborne Express flight number 281, bound for John F. Kennedy Airport ("JFK"), in Queens, New York, with a stopover in San Juan, Puerto Rico. Upon landing in San Juan, Puerto Rico, the defendants presented the following passports and made the following statements to United States Customs and Border

---

[1]/ Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

Protection (CBP) officers at the port-of-entry:

    a.    Defendant SINGH presented a United States passport bearing the number 154743676, in the of name of Ishamel Sheikh Imran (the "IMRAN Passport") and stated that he is a United States citizen.

    b.    Defendant SOOKRAM presented a United States passport bearing the number 112802300 (the "SOOKRAM Passport") and stated that she is a United States citizen.

    c.    Defendant SASENARAIN presented a United States passport bearing the number 093330304, in the name of of Terry Samaroo (the "SAMAROO Passport") and stated that he is a United States citizen.

The CBP officers suspected that the United States passports that the defendants presented were altered or false and notified ICE agents.

    3.    On or about July 22, 2005, after being advised of his rights, defendant SINGH stated that the passport he presented and his statement to CBP Officers that he is a United States citizen were false. Defendant SINGH stated that he was given the false passport and a New York identification card bearing number 415-547-452 in the name of Ishamel Sheikh Imran (the "IMRAN Identification Card") by an unknown individual in Saint Martin, Northern Antilles ("NA"). Defendant SINGH further stated that he agreed to pay a fee, to be paid by salary for work that SINGH

would perform in the United States, in exchange for that individual arranging to get him entry into the United States without authorization of the Secretary of the Department of Homeland Security. Defendant SINGH admitted that his intended final destination was J.F.K. in New York.

4. On July 22, 2005, after being advised of her rights, defendant SOOKRAM stated that the passport she presented and her statement to CBP Officers that she is a United States citizen were false. Defendant SOOKRAM stated that she was given the false passport, a New York identification card bearing the number 214-548-965 (the "SOOKRAM Identification Card"), a Social Security Card bearing the number 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, a Vision Phot Studio identification card and business card in her name, by an unknown individual in Saint Martin, NA. Defendant SOOKRAM further stated that she agreed to pay a fee, to be paid by salary for work that SOOKRAM would perform in the United States, to the unidentified individual in exchange for the individual arranging to get her entry into the United States without authorization of the Secretary of the Department of Homeland Security. Defendant SOOKRAM admitted that her intended final destination was J.F.K., New York.

5. On July 22, 2005, after being advised of his rights, defendant SASENARAIN stated that the passport he presented and his statement to CBP Officers that he is a United States citizen were false. Defendant SASENARAIN stated that he

was given the false passport and a New York identification card bearing the number 457-452-123 (the "SASENARAIN Identification Card") by an unknown individual in Saint Martin, NA.  Defendant SASENARAIN further stated that he agreed to pay a fee to unidentified individual, to be paid by salary for work that SOOKRAM would perform in the United States, in exchange for the individual arranging to get him entry into the United States without authorization of the Secretary of the Department of Homeland Security.  Defendant SASENARAIN admitted that his intended final destination was J.F.K., New York.

      6.   On August 18, 2005, SEEPERSAUD was advised of his rights and stated that he was traveling with SASENARAIN, SINGH and SOOKRAM.  SEEPERSAUD stated that a Guyanese national in Saint Martin, NA, named "DOVE" gave SEEPERSAUD false documents for the sole purpose of gaining entry into the United States.  SEEPERSAUD further stated that DOVE informed him that the smuggling fee was going to be between $12,000.00 and $30,000.00 and that SEEPERSUAD would have to pay it by working in the United States.

      7. On August 23, 2005, the ICE Forensic Document laboratory ("ICE laboratorty") conducted physical, microscopic, instrumental and comparative examinations and determined that the IMRAN Passport, the SOOKRAM Passport and the SAMAROO Passport were not genuine.

      8.   On June 21, 2006, the ICE laboratory conducted physical, microscopic, instrumental and comparative examinations

and determined that the IMRAN Identification Card, the SOOKRAM Identification Card and the SASENARAIN Identification were not genuine.

WHEREFORE, your deponent respectfully requests that the defendants RAJENDRA SINGH, also known as "Ishmael Sheikh Imran," ZEVETA SOOKRAM, and RICARDO SASENARAIN, also known as "Terry Samaroo," be dealt with according to law.

ABEL A. NASSER-BERNAL
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
8th day of August, 2007

